J-S20044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JESSE M. BROWN | : | |
| Appellant | : | No. 1229 EDA 2014 |

Appeal from the PCRA Order March 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1301955-2006

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                        **FILED September 5, 2017**

Jesse M. Brown appeals from the order entered in the Philadelphia County Court of Common Pleas, dated March 21, 2014, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA").[1]  Brown seeks relief from the judgment of sentence of an aggregate term of life imprisonment, imposed on April 21, 2008, following his jury convictions of first-degree murder, a firearms violation, and possessing an instrument of crime ("PIC").[2]  On appeal, he raises claims asserting the ineffective assistance of trial counsel.  For the reasons below, we affirm.

The PCRA court summarized the factual history as follows:

_____

[1]  42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502, 6106, and 907, respectively.

On May 13, 2006 the victim in this matter, Tariq Blackwell, was shot and killed by [Brown] on Porter Street in Philadelphia, Pennsylvania. At [Brown]'s trial the victim's girlfriend, Jerrica Fulton, testified that she had been on Porter Street with the victim before the shooting occurred. The witness testified that on the morning of May 13, 2006[,] Tariq Blackwell and [Brown] began to argue when they saw each other on Porter Street. At trial, defense counsel claimed that this argument was the result of [Brown] pursuing the victim's girlfriend, Jerrica Fulton, the night before this incident took place.[1] Jerrica Fulton did testify that on May 12, 2006 [Brown] approached her as she was sitting in front of her house and [Brown] was riding by on his bike. ... [Brown] got off his bike and handed her a piece of paper which stated his name, "Jay" with his phone number and said, "call anytime." However, Jerrica Fulton also testified that [Brown] wanted her to give the paper to her mother and that she never informed Tariq Blackwell of the piece of paper [Brown] handed to her.[2]

_____

[1] Defense counsel confronted the witness on the stand with notes of testimony from a preliminary hearing that took place on November 8, 2006. In the notes, Jerrica Fulton had testified that the argument between [Brown] and the deceased was over her "boyfriend being jealous." However, at this trial Jerrica Fulton testified that she did not remember making that statement.

[2] Jerrica Fult[o]n's best friend, Shanique Hawkins, also testified at this trial. Shanique Hawkins testified that she was present on May 12, 2006 when [Brown] gave the piece of paper with his phone number on it to Jerrica Fulton. Shanique Hawkins was not able to hear the words exchanged between [Brown] and Ms. Fulton but did witness the exchange between the two individuals. Also, Ms. Hawkins was present at the argument that took place later that evening between [Brown] and Tariq Blackwell, where she heard [Brown] yell "it ain't over with" as she, Tariq Blackwell and Jerrica walked away.

_____

Later that evening, Tariq Blackwell, Jerrica Fulton and Shanique Hawkins were standing in front of a store on 7th and Ritner Street[s]. [Brown] was also standing in front of the store with another individual. Jerrica Fulton testified that Tariq

Blackwell went up to the individual that was with [Brown] because they knew each other. Shortly after, a verbal argument ensued between [Brown] and Tariq Blackwell. Jerrica Fulton and Shanique Hawkins told Tariq Blackwell to walk away from the argument and he did. However, [Brown] continued arguing as the individuals walked away. Shanique Hawkins testitifed that [Brown] yelled "it ain't over with" as they turned the corner to return to her home for the evening.

The next day on May 13, 2006 at approximately 10:00 a.m. Jerrica Fulton and Tariq Blackwell walked towards Porter Street to go to the store. Jerrica Fulton testified that as they approached the corner of Marshall and Porter Street[s] she could see [Brown], his friend Terry and an unidentified female standing on the other side. Immediately, [Brown] and Tariq Blackwell began to exchange words. Tishea Green, an eyewitness to the shooting confirmed that she also witnessed [Brown] and Tariq Blackwell get into a verbal argument. Tishea Green was on her way to work and walking on Porter Street when she witnessed the verbal argument and saw the deceased approach [Brown] and say, "I heard you were looking at my girlfriend in a type of way that you weren't supposed to. You said something to her." Then, Tishea Green testified that she saw the deceased punch [Brown] in his face. After [Brown] was punched in the face the two began to wrestle and held each other in a bear hug. Jerrica Fulton testified less than five seconds after she saw [Brown] pull out a gun, but did not see him fire it because she fell to the floor. Both witnesses testified that they heard several gunshots, but neither saw [Brown] shoot Tariq Blackwell.

Police Officer Michael Duffy testified at this trial and stated that when he arrived at the scene of the shooting at approximately 12:30 p.m., he observed "a black male lying in the middle of the highway who appeared to be shot." Officer Duffy went to Jefferson Hospital where Tariq Blackwell was pronounced dead. In the hospital Officer Duffy was approached by Jerrica Fulton and was given the piece of paper with [Brown]'s name and phone number on it. Officer Duffy testified that he was able to ask Jerrica Fulton a few questions to ascertain who the shooter was in this incident. Jerrica Fulton told Officer Duffy [Brown] had shot Tariq Blackwell, about the incident as she had witnessed it and how the argument started.

PCRA Court Opinion, 7/22/2014, at unnumbered 1-4.

Brown was subsequently arrested and charged with one count each of murder, carrying a firearm without a license, and PIC. On April 21, 2008, a jury found Brown guilty of all charges, including murder in the first degree. The trial court immediately sentenced him to a term of life imprisonment for murder, and a concurrent term of three to six years' imprisonment for the firearms violation.[3] A panel of this Court affirmed Brown's judgment of sentence on September 16, 2009, and the Pennsylvania Supreme Court subsequently denied his petition for review. **See Commonwealth v. Brown**, 986 A.2d 1249 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 998 A.2d 958 (Pa. 2010).

On August 19, 2010, Brown filed a timely, *pro se* PCRA petition, followed by an amended petition on December 28, 2010. Counsel was appointed on May 6, 2011, and filed four additional amended petitions on September 9, 2011, June 22, 2012, October 19, 2012, and March 15, 2013, respectively. All of Brown's petitions asserted allegations of trial counsel's ineffectiveness. On November 21, 2013, counsel filed a supplement to his fourth amended petition, which included affidavits from three proposed witnesses. On January 24, 2014, the PCRA court issued notice of its intent to dismiss Brown's petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Brown filed a *pro se* response on February 5,

_____

[3] No further penalty was imposed for the PIC conviction.

- 4 -

2014, followed by a motion for an evidentiary hearing on March 6, 2014.

Thereafter, on March 21, 2014, the PCRA court dismissed Brown's petition.

This timely appeal followed.[4]

_____

[4] On April 24, 2014, the PCRA court ordered Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting an extension of time until the relevant transcripts were transcribed, counsel filed a concise statement on June 2, 2014. The PCRA court subsequently filed an opinion on July 22, 2014.

The ensuing two-year delay in the disposition of this appeal resulted from the following. On June 12, 2014, the appeal was dismissed by this Court when Brown failed to file a docketing statement. However, the appeal was reinstated on July 9, 2014, after Brown filed a motion for reconsideration. Thereafter, on July 28, 2014, Brown filed a *pro se* motion requesting permission for counsel to withdraw so that he could proceed *pro se*. On August 27, 2014, this Court entered a *per curiam* order remanding the case to the PCRA court to conduct a **Grazier** hearing. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988). Thereafter, the PCRA court conducted a **Grazier** hearing on October 24, 2014, at which time Brown decided not to represent himself *pro se*.

A revised briefing schedule was established by this Court, and counsel failed to timely file a brief on Brown's behalf. Accordingly, on August 19, 2015, this Court, once again, remanded the appeal to the PCRA court to determine whether PCRA counsel had abandoned Brown on appeal. **See** Order, 8/19/2015. Meanwhile, counsel filed a supplemental Rule 1925(b) statement on September 16, 2015. On March 14, 2016, this Court entered a *per curiam* order stating the PCRA court failed to comply with our August 19, 2015, order, and directing the PCRA court to file a response within seven days. **See** Order, 3/14/2016. The PCRA court did so, and filed a supplemental opinion on March 21, 2016. Thereafter, a revised briefing scheduled was established.

However, on April 18, 2016, Brown filed a second request for a **Grazier** hearing. This Court denied the request on May 2, 2016. Subsequently, on June 24, 2016, when PCRA counsel again failed to comply with the briefing schedule, this Court remanded the appeal again to the PCRA court to determine whether counsel abandoned Brown. **See** Order, *(Footnote Continued Next Page)*

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). A PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." ***Id.*** at 1284. (citations omitted).

Where, as here, all of the claims on appeal assert trial counsel's ineffectiveness, we must bear in mind:

> "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. ***Id.*** at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." ***Id.***

> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

6/24/2016. On July 25, 2016, Brown filed an application in this Court for the appointment of new PCRA counsel. This Court denied the application based upon its June 24, 2016, remand to the PCRA court. Thereafter, on August 15, 2016, the PCRA court responded to this Court's remand order, and stated PCRA counsel had not abandoned Brown. Counsel subsequently filed an appellate brief on November 7, 2016.

prejudiced him. ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003).

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

Brown first argues counsel was ineffective for failing to call character witnesses who would have attested to his reputation for non-violence. ***See*** Brown's Brief at 5. Although Brown names only one proposed witness in his brief (Diro Fields), counsel forwarded to the PCRA court affidavits from three proposed witnesses – Diro Fields, Ashley Reed (Brown's sister), and Dorothy Brown (Brown's mother) – who all stated they were known to trial counsel,[5] and available to testify at Brown's jury trial regarding Brown's good reputation for non-violence. ***See*** Affidavits, filed 11/21/2013. Accordingly, Brown contends trial counsel was ineffective for failing to call these witnesses.

Our review of a challenge to counsel's stewardship for failing to present character witnesses is well-settled:

---

[5] Specifically, the witnesses averred they were "named in the jury selection transcript." ***See*** Affidavits of Ashley Reed, Dior Fields, and Dorothy Brown, filed 11/21/2013. Our review of the transcript from Brown's *voir dire* supports this claim. ***See also*** N.T., 4/15/2008 at 15; 4/16/2008 at 16.

The failure to call character witnesses does not constitute per se ineffectiveness. In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Treiber***, 121 A.3d 435, 463-464 (Pa. Super. 2015) (quotations omitted).

Although the affidavits submitted by Brown's proposed witnesses appear to minimally satisfy his burden of proving the availability and willingness of the witnesses to testify to his good character, we conclude Brown is nevertheless entitled to no relief. Indeed, Brown fails to explain how the absence of these witnesses' testimony was so prejudicial that he was denied a fair trial. ***See id.*** His string citation to several cases, which state character evidence alone can create reasonable doubt, is simply insufficient to establish prejudice under the facts of his case. ***See*** Brown's Brief at 5.[6]

Moreover, the PCRA court also explained Brown "stated that trial counsel was ineffective because [counsel's] reason for not calling [these] character witness[es] was due to a prior drug conviction." PCRA Court

---

[6] We emphasize Brown's "argument" on this issue consists of one, half-page, paragraph. ***See*** Brown's Brief at 5.

- 8 -

Opinion, 7/22/2014, at unnumbered 6. Brown appears to confirm this in his brief, but maintains counsel's asserted basis for failing to present character testimony is flawed because "drug convictions are not relevant to character testimony for peacefulness and non-violence." Brown's Brief at 5.

> The Pennsylvania Supreme Court has held:
>
> While character witnesses may not be impeached with specific acts of misconduct, a character witness may be cross-examined regarding his or her knowledge of particular acts of misconduct to test the accuracy of the testimony.

*Commonwealth v. Puksar*, 951 A.2d 267, 277 (Pa. 2008) (citation omitted). In *Commonwealth v. Jones*, 636 A.2d 1184 (Pa. Super. 1994), *appeal denied*, 668 A.2d 1125 (Pa. 1995), a panel of this Court determined trial counsel had a reasonable basis for failing to present character witnesses who were aware of the defendant's prior drug activity. The panel opined:

> [I]n the instant case, counsel may well have concluded that potential cross-examination of appellant's character witnesses regarding the drug activity in which appellant was engaged offered dangers which outweighed the doubtful value of their testimony regarding appellant's alleged reputation for non-violence.

*Id.* at 1190. The same is true here.[7] Consequently, Brown is entitled to no relief on this claim.

---

[7] We note that in *Jones*, *supra*, the ineffectiveness claim was raised *via* post-trial motions, and the court had conducted a hearing on the defendant's motions. *See Jones*, *supra*, 636 A.2d at 1189. Nevertheless, at the hearing, counsel was unable "to recall the specific basis for" failing to present character witnesses. *Id.* While no hearing was conducted in the present case, Brown does not dispute that his prior drug conviction was one
*(Footnote Continued Next Page)*

Next, Brown claims trial counsel was ineffective for failing to object when the public, specifically his sister Ashley Reed, was excluded from the courtroom during his jury *voir dire*. Brown argues the court's actions constituted a structural violation of his Sixth Amendment right to a public trial. Brown's Brief at 5.

The Sixth Amendment to the Constitution provides, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. CONST., Amend. VI. The United States Supreme Court has held that a defendant's right to a public trial extends to the *voir dire* of prospective jurors. **Presley v. Georgia**, 558 U.S. 209 (2010).

We conclude Brown is entitled to no relief. First, his proof of this constitutional violation is lacking. The affidavit signed by Brown's sister states the following: "I was [] peacefully attending the first trial when court officials made me and other family members leave the courtroom without authority to do so." Affidavit of Ashley Reed, filed 11/21/2013. Reed did not specify she was excluded during Brown's *voir dire*, and, in fact, the PCRA court stated in its opinion that it had reviewed the record in this matter and found "no evidence that this exclusion occurred." PCRA Court Opinion, 7/22/2014, at unnumbered 7. Our independent review of the transcript

_____
*(Footnote Continued)*

of the reasons why trial counsel chose not to present character evidence. **See** Brown's Brief at 2; Statement of Errors Complained of on Appeal, 6/2/2014, at 1; Fourth Amended Petition for Post-Conviction Relief, 3/15/2013, at 1.

from the two-day *voir dire* supports the court's finding. Furthermore, Brown provides no citation to the notes of testimony in his brief.

Moreover, even assuming, *arguendo*, we were to find the trial court improperly excluded Reed from *voir dire*, Brown has made no attempt to establish he was prejudiced as a result of the court's actions. As our Supreme Court explained:

> [V]arious courts have found a violation of the right to a public trial to be in the nature of a structural error. ***See, e.g., Owens v. United States***, 483 F.3d 48, 63 (1st Cir. 2007). It is well recognized, however, that such violation is a particular type of structural error which is waivable. ***See, e.g.***, ***Peretz v. United States***, 501 U.S. 923, 936, 111 S.Ct. 2661, 2666, 115 L.Ed.2d 808 (1991) (*citing* ***Levine v. United States***, 362 U.S. 610, 619, 80 S.Ct. 1038, 1044, 4 L.Ed.2d 989 (1960), for the proposition that "failure to object to closing of courtroom is [a] waiver of [the] right to [a] public trial"). Since Appellant did not object to the [exclusion of the public], the only cognizable aspect of his claim is that of deficient stewardship, as to which he must establish prejudice.

***Commonwealth v. Rega***, 70 A.3d 777, 786-787 (Pa. 2013) (some citations and footnote omitted). Here, Brown has utterly failed to demonstrate he was prejudiced by the purported exclusion of his sister from *voir dire*. Therefore, this issue is meritless.

Brown raises three additional claims of trial counsel's ineffectiveness, namely for: (1) failing to assert Brown's innocence and argue self-defense; (2) presenting a diminished capacity defense without Brown's consent; and (3) failing "to pursue sufficiently prior inconsistent statements of Tishea Green and to challenge Shanique Hawkin's statement to police." Brown's

Brief at 6. However, these issues were not included in Brown's June 2014 Rule 1925(b) concise statement, Rather, Brown raised these claims for the first time in the supplemental statement he filed on September 16, 2015, after this Court remanded the appeal to the PCRA court to determine if counsel had abandoned Brown. **See supra** n.3. **See also** Order, 8/19/2015.

It is axiomatic that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the [PCRA] court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925" and "[a]ny issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005), *quoting* **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Moreover, Rule 1925 provides for the filing of a supplemental concise statement only "upon application" of the trial court and "for good cause shown." Pa.R.A.P. 1925(b)(2). Indeed, this Court has explicitly stated an appellant must seek the trial court's permission before filing a supplemental statement. **See Commonwealth v. Ray**, 134 A.3d 1109, 1115 (Pa. Super. 2016) (*pro se* defendant's untimely concise statement filed **after** trial court's opinion did not preserve issues for review when he "failed to file a corresponding motion seeking permission to supplement his previously-filed Notice [of issues on appeal] by filing a Pa.R.A.P. 1925(b) statement *nunc pro tunc*.").

Here, the PCRA court noted in its opinion that Brown failed to seek its permission to file the September 16, 2015, supplemental statement. The court explained: "While this matter was remanded by the Superior Court for a determination of counsel's involvement, it was not an invitation to amend the [Rule] 1925(b) statement that was ordered by this Court to be filed no later than May 15, 2014." PCRA Court Opinion, 3/21/2016, at 5. Consequently, the PCRA court concluded Brown's last three issues were waived.

We are constrained to agree. When the case was remanded by this Court in August of 2015, counsel did not request permission from the PCRA court to file a supplemental concise statement. Rather, it appears counsel informed the PCRA court by email that Brown wanted counsel to continue to represent him, and wanted him to amend the concise statement. **See** Response to Order, 3/18/2016, email from counsel dated 9/14/2015. The email, however, was not a request of the PCRA court for permission to file a supplemental statement.[8] Therefore, Brown's additional claims are waived on appeal.

Nevertheless, we note the PCRA court addressed these additional claims in its opinion, and concluded they were meritless. See PCRA Court Opinion, 3/21/2016, at 6-9. Were we to review these issues on appeal, we

_____

[8] Moreover, counsel's email does not allege any "good cause" for doing so. **See** Pa.R.A.P. 1925(b)(2).

would agree. With respect to Brown's contention that counsel was ineffective for failing to assert Brown's innocence and present a self-defense argument, the PCRA court concluded the evidence against Brown was "overwhelming[,]" noting Brown "faced evidence which included testimony by three eyewitnesses, a photo found on his phone of him [] brandishing a matching gun, and testimony that [Brown] had spent months under an assumed identity." PCRA Court Opinion, 3/21/2016, at 8. Accordingly, the PCRA court concluded "trial counsel's decision to argue for a voluntary manslaughter conviction [was] reasonable in light of the overwhelming evidence against [Brown]." *Id.* Furthermore, we note Brown fails to explain what evidence would have supported a claim of self-defense. *See* Brown's Brief at 6. Therefore, we would find this claim fails.

Next, with respect to Brown's assertion that trial counsel presented a diminished capacity defense without his permission, the PCRA court found "no evidence in the record that a diminished capacity defense was presented." PCRA Court Opinion, 3/21/2016, at 7. Brown again fails to direct this Court to the evidence in the record supporting such a defense. *See* Brown's Brief at 6. Again, we would conclude warrants no relief.

Lastly, with respect to Brown's assertion that counsel was ineffective for failing to challenge the statements of Tishea Green and Shanique Hawkins, we note Brown failed to raise the issue of Green's prior inconsistent statement in either his original, or untimely supplemental concise statement. Moreover, with regard to Hawkins's statement, Brown

- 14 -

fails to explain in his brief how counsel should have challenged her statement. *See* Brown's Brief at 6. Accordingly, were we to address these final three claims, we would agree with the PCRA court that no relief is warranted.

Therefore, because we find no error or abuse of discretion on the part of the PCRA court in dismissing Brown's petition, we affirm the order on appeal.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/2017